REGENT LAUNDRY COMPANY et al., Appellants,
v. NAT J. GOODMAN et al., Respondents.

**St. Louis Court of Appeals. Argued and Submitted October 7, 1909; Opinion Filed October 19, 1909.**

APPELLATE PRACTICE: Necessity of Record Entry Showing Bill of Exceptions was Filed. In an appeal on a "short record," where the abstract fails to show an entry of record was made that the bill of exceptions was filed, the bill of exceptions cannot be considered on appeal. A recital in the bill of exceptions itself that it was filed is not sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Taylor R. Young, George W. Lubke* and *George W. Lubke, Jr.,* for appellants, filed brief on merits.

*Nathan Frank* and *Richard A. Jones* for respondents, Nat J. Goodman and Stella M. Goodman.

The "abstract of record" of appellants is so imperfect and lacking in essentials that the matters presented in their brief are not properly before the court for review. There is no record entry authorizing the filing of bill of exceptions on plea in abatement, nothing to evidence filing of motion for new trial except matter contained under the head of bill of exceptions, no entry making bill of exceptions on the merits part of the record, no bill of exceptions included in this record, no record entry of judgment or of the filing of motion to set aside nonsuit, and, indeed, nothing to distinguish between matters of record and those which can only be made so by being embodied in bill of exceptions.

REYNOLDS, P. J.—This action was commenced by attachment and summons. On the trial of the plea in abatement, under the direction of the court, the jury returned a verdict in favor of the defendants and on a trial on the merits, the court instructed that plaintiffs could not recover. They took a nonsuit with leave to move to set the same aside, which motion was duly filed and overruled.

Counsel for respondents make the point that it nowhere appears in the record proper that any term bill, covering the proceedings at the trial of the plea in abatement, was filed and that it nowhere appears in the record proper that a bill of exceptions was filed covering the proceedings at the trial on the merits. An examination of the printed abstract, the case being here on what is known as "short record or transcript," sustains their claims. All that appears in the abstract, are recitals in the two bills of exception, that they were signed and filed and made of record.

This court and our Supreme Court have held in too many cases to require citation for the education and information of the profession, that a bill of exceptions cannot prove itself and that there must be proper entries, abstracted in the record itself, to establish those facts. Much as we dislike to dispose of a case on what appear as mere technicalities, we are bound by the decisions of our own and of the Supreme Court to do so in a clear case such as this.

Finding no error in the record proper, the judgments of the circuit court on the plea in abatement as well as on the case on its merits must be and are affirmed. All concur.